**Sherry A. OLSON, n/k/a Sherry A. Olson–Kelm, Petitioner, Appellant,**

v.

**Scott M. OLSON, Ann G. Farr, Respondents.**

No. C7–93–2425.

Court of Appeals of Minnesota.

June 21, 1994.

Review Granted Aug. 29, 1994.

Barbara N. Nevin, Milavetz, Gallop & Milavetz, Edina, for appellant.

Scott M. Olson, pro se.

Michael L. Perlman, Perlman Law Office, P.A., St. Louis Park, respondent Ann G. Farr.

Considered and decided by LANSING, P.J., and FORSBERG and DAVIES, JJ.

**OPINION**

DAVIES, Judge.

Maternal grandmother moved the court for visitation of granddaughter under Minn.Stat. § 257.022, subd. 2 (1992), over the objection of the mother, who has physical custody of the child. A referee of the district court ordered a limited visitation schedule between grandmother and granddaughter. The dis-

trict court approved the order; the mother appeals. We reverse.

### FACTS

S.O. was born to Sherry Olson and Scott Olson on November 26, 1985. The Olsons' marriage was dissolved on February 25, 1988. S.O. and her mother were, for a time, very close to mother's mother, respondent Ann Farr. For any number of reasons, relations between them deteriorated after the mother remarried, and Farr was forbidden to see S.O.

Farr moved in the district court to obtain visitation rights with S.O. Mother and (at first) the child's father resisted the motion. The father later withdrew his objection to his former mother-in-law having visitation.

The district court ordered a number of on-site visitations to be performed by court services. Court services determined that mother and grandmother needed mediation services, but mediation failed. Likewise, neither mother nor grandmother was willing to undergo any counseling, each claiming that the other was the party in need of such services. After an attempt at a stipulation failed, a hearing was held and a district court referee determined that grandmother visitation would be in S.O.'s best interests. The referee ordered visitation one day a week during the summer while mother was at work and one afternoon and evening a week during the school year. The district court approved the order. Mother appeals from entry of the order.

### ISSUE

Did the district court err in allowing grandparent visitation rights under Minn. Stat. § 257.022, subd. 2 (1992)?

### ANALYSIS

■ The determination and enforcement of visitation rights is a question of law. *Simmons v. Simmons*, 486 N.W.2d 788, 790 (Minn.App.1992). This court need not defer to the district court's legal conclusions regarding visitation. *Id.* (citing *Durfee v. Rod Baxter Imports, Inc.*, 262 N.W.2d 349, 354 (Minn.1977)).

Appellant mother claims the district court's award of visitation rights to the *maternal* grandmother over mother's objection was an abuse of discretion. The legislature has provided three statutory bases for grandparent visitation rights, including a codification of a derivative right in case of death of a parent. Minn.Stat. § 257.022, subd. 1 (1992). Another of the three statutory grounds is when the parents of the grandchild divorce.

> In all proceedings for dissolution * * * the court may, upon the request of the parent or grandparent of a party, grant reasonable visitation rights * * * if it finds that visitation rights would be in the best interests of the child and would not interfere with the parent child relationship.

*Id.*, subd. 2 (1992).

Respondent grandmother claims the court properly ordered visitation under this statute or, alternatively, under the common law right of grandparent visitation.

■ We first examine the common law right. Under the common law, a grandparent's visitation rights are derivative through their children. *In re Welfare of R.A.N.*, 435 N.W.2d 71, 72 (Minn.App.1989) (citing *In re Niskanen*, 301 Minn. 53, 57, 223 N.W.2d 754, 757 (1974) (Yetka, J., concurring specially)).

> Derivative is defined as

> [c]oming from another; taken from something preceding; secondary. That which has not its origin in itself, but owes its existence to something foregoing. Anything obtained or deduced from another.

Black's Law Dictionary 443 (6th ed., 1990). If the grandparent's right is completely dependent upon, and secondary to, the parent-child relationship, it cannot be enforced against the holder of the primary right. Rather, the right is enforceable only against the unrelated parent—their child's spouse. We note that the codification of this right states explicitly that it is available only against in-laws. *See* Minn.Stat. § 257.022, subd. 1 (court may grant visitation rights to parents of the *deceased* parent of child). We therefore conclude that the common law right of visitation may not be applied here against the wishes of the petitioner's daughter (the child's mother).

As to the statutory right in dissolution cases provided by section 257.022, subdivision 2, we conclude that it likewise cannot be enforced against the related parent. We believe the legislature intended the right to visitation in cases of divorce, as in cases of death, to apply only against the wishes of an in-law. It makes little sense to disallow grandparent visitation orders against the wishes of the related parent in the circumstances of death or of an intact family unit, as the law does, and yet allow such potentially disturbing orders in the case of a divorce.

Further, this interpretation is in keeping with prior decisions of this court that

> recognize the public policy reasons that support a denial of visitation to uphold the independence and decision-making integrity of the newly created family unit.

*R.A.N.*, 435 N.W.2d at 73; *accord Kulla v. McNulty*, 472 N.W.2d 175 (Minn.App.1991) (recognizing that even if visitation by unrelated adult is in best interest of child, court must strictly deny visitation that interferes with relationship of child and custodial parent), *pet. for rev. denied* (Minn. Aug. 29, 1991).

We therefore conclude that the district court erred by ordering grandparent visitation under the statute.

### DECISION

The maternal grandmother has neither common law nor statutory right to visitation as against the wishes of mother. The district court's visitation order is therefore reversed.

**Reversed.**

FORSBERG, Judge (Concurring Specially):

I would remand for findings under the statute on the effect of the grandparental visitation on the parent-child relationship. Although not an unreasonable policy, the majority has read into the statute that the grandparent's right of visitation is derivative.