**In re the ADOPTION OF: A.M.R. and D.N.R. by Carrie Ann Ruppel.**

**No. C7–94–1429.**

Court of Appeals of Minnesota.

Feb. 7, 1995.

Review Denied April 18, 1995.

Greg A. Engel, Engel Law Firm, St. Cloud, for appellant Ruppel.

A. Rhett Taber, Caldecott, Forro & Taber, Minneapolis, for respondent Schum.

Considered and decided by SHORT, P.J., and PETERSON and FOLEY,* JJ.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

## OPINION

DANIEL F. FOLEY, Judge.

Appellant challenges the trial court's order denying her motion to terminate the maternal grandfather's visitation rights upon termination of his daughter's parental rights when appellant stepmother adopted the children.

## FACTS

This case arises from the adoption proceedings commenced by appellant Carrie Ann Ruppel to adopt her husband's two children from a former marriage. The children's mother, Kathy Lynn Steo, consented to the stepmother's adoption of her children. The dissolution decree dissolving the marriage of Kathy and David Ruppel awarded David physical custody of the children. After the divorce was finalized, the maternal grandfather, respondent Robert Schum, petitioned for, and was granted, visitation of the children under Minn.Stat. § 257.022, subd. 2 (Supp.1993).

Schum moved to intervene in the adoption proceedings, asking that the adoption not vitiate his visitation rights previously granted in the dissolution proceeding. Ruppel moved the court to terminate the visitation rights previously granted to Schum. The district court denied this motion and reaffirmed its prior visitation order. Ruppel then filed this appeal. Subsequent to the filing of this appeal, the adoption was completed and the trial court again affirmed Schum's visitation rights.

## ISSUE

Do the visitation rights previously granted the maternal grandfather pursuant to an order authorized by Minn.Stat. § 257.022, subd. 2 (Supp.1993) survive termination of his daughter's parental rights and the adoption of the children by their stepmother?

## ANALYSIS

■ Appellant contends that the district court erred in determining that the maternal grandfather's visitation rights granted under Minn.Stat. § 257.022, subd. 2 (Supp.1993) survive termination of his daughter's paren-

tal rights and adoption of his grandchildren by appellant, the children's step-mother. She argues that Minn.Stat. § 257.022, subd. 3 (1992) and case law support her claim that respondent grandfather's visitation rights were automatically terminated when the court terminated his daughter's parental rights and granted her petition to adopt respondent's grandchildren. We disagree.

The authority of the court to determine visitation rights is a question of law that this court reviews de novo. *Simmons v. Simmons*, 486 N.W.2d 788, 790 (Minn.App.1992).

Previously, a grandparent's visitation rights were only derivative through their children. *In re Niskanen*, 301 Minn. 53, 56–57, 223 N.W.2d 754, 756 (1974). Thus, when a child was adopted, the natural grandparent did not have a legal right to visitation. *Id.* at 57, 223 N.W.2d at 756. Because of the harshness of this rule, three specially concurring justices in *Niskanen* requested legislative action. *Id.* at 57–58, 223 N.W.2d at 757.

■ Soon after the *Niskanen* decision, the legislature enacted a statute providing for grandparent visitation when the parent who is their child is deceased or when the parent's marriage is dissolved. 1976 Minn.Laws ch. 198, § 1, codified at Minn.Stat. § 257.022, subds. 1, 2 (1976). This statute has since been amended to expand the list of family court proceedings in which a grandparent may seek a grant of visitation rights. *See* Minn.Stat. § 257.022, subd. 2 (providing right to seek order granting visitation rights "after commencement of" or "any time after completion of" proceedings for "dissolution of marriage, legal separation, annulment, or determination of parentage"). Under this statute, the court may grant visitation rights to a grandparent "if it finds that visitation rights would be in the best interests of the child and would not interfere with the parent child relationship." *Id.* Here, respondent grandfather sought and was granted visitation rights in conjunction with the dissolution of his daughter's marriage.

■ Appellant argues that Minn.Stat. § 257.022, subd. 3 requires that respondent grandfather's visitation rights must be termi-

nated once the children are adopted. Subdivision 3 provides:

> [Minn.Stat. § 257.022] shall not apply if the child has been *adopted by a person other than a stepparent* or grandparent. Any visitation rights granted pursuant to this section prior to the adoption of the child shall be automatically terminated upon *such adoption.*

Minn.Stat. § 257.022, subd. 3 (emphasis added). Appellant contends that this section means that a stepparent's visitation rights are not affected by an adoption by that parent, or that the grandparent's visitation rights are not affected by a later adoption by that grandparent. We disagree. Appellant's proposed interpretation would vitiate the above provision, rendering it meaningless. If a stepparent or grandparent adopts a child there could be no dispute regarding his or her visitation rights and no reason to preserve those rights because he or she would have physical custody of the child after adoption. We do not adopt the construction of Minn.Stat. § 257.022, subd. 3 proposed by appellant. *See* Minn.Stat. §§ 645.16 (statute "shall be construed, if possible, to give effect to all its provisions"), .17(1) (1992) (court may not construe statute to provide "a result that is absurd").

▎ We now address the proper construction of the statute. This court has previously stated that when a person who adopts a child is not a stepparent, section 257.022, subd. 3 precludes the grandparent's application of the statute to obtain visitation rights. *In re Welfare of R.A.N.*, 435 N.W.2d 71, 72–73 (Minn.App.1989). Although this statement was not the basis for this court's decision in *R.A.N.*, it is illustrative of the plain meaning of the statute. The first sentence in Minn. Stat. § 257.022, subd. 3 expressly excludes application of the statute "if the child has been adopted by a person other than a stepparent or grandparent." Minn.Stat. § 257.022, subd. 3. The second sentence in subdivision 3 provides that visitation granted under section 257.022 shall terminate "automatically" upon "such adoption." *Id.* The term "such adoption" clearly refers to an adoption described by the previous sentence; *i.e.,* an adoption by a person other than a

stepparent or grandparent. Thus, Minn. Stat. § 257.022 does not automatically terminate grandparent visitation rights when, as here; a stepparent adopts the child. *See* Minn.Stat. § 645.16 (when words of statute are not ambiguous, court must construe statute as it reads, giving effect to the clear meaning of its language).

Appellant argues that our decision in *R.A.N.* supports her position. We disagree. The cornerstone of our decision in *R.A.N.* is that grandparent visitation rights are limited "only in those situations specifically listed" in the statute. *Id.* at 73. R.A.N.'s mother and father were never married to each other, and R.A.N.'s paternity was determined in a paternity action. *Id.* at 71. This court applied a prior version of Minn.Stat. § 257.022, subd. 2 which did not include paternity proceedings as a situation under which grandparent rights could be granted. *Id.* at 72–73 (applying 1986 version of statute). Thus, this court held that the paternal grandparents did not have a statutory right to visitation, but could only claim a common law derivative right to visitation. *Id.* at 73. Because their son's parental rights were terminated, leaving him with no visitation rights with R.A.N., the paternal grandparents had no derivative right to visitation under common law. *Id.*

In contrast to *R.A.N.,* the grandparent here possessed a statutory right to visitation before termination of his daughter's parental rights. Thus, the issue is not whether those rights exist, but whether respondent's visitation rights survive adoption by appellant. Further, here the adoptive parent is a stepparent, whereas the adoptive parent in *R.A.N.* was a foster parent.

Appellant's reliance on *Olson v. Olson,* 518 N.W.2d 65 (Minn.App.1994), *pet. for rev. granted* (Minn. Aug. 29, 1994), is unfounded. In *Olson,* we held that the grandparent's rights to visitation were "completely dependent upon, and secondary to, the parent-child relationship" and "[could not] be enforced against the holder of the primary right." *Id.* at 66. Appellant contends that *Olson* applies here to bar the maternal grandfather's visitation rights because she now holds the primary right previously held by the children's natural mother. We disagree. In *Olson,* the

maternal grandparent sought visitation rights over the objection of her daughter, who was divorced and remarried and had physical custody of the child. *Id.* But for the divorce proceeding, the maternal grandmother would not have been able to seek visitation over the objection of her daughter. *Id.* at 67. We concluded that the statute did not provide the grandmother a right against the wishes of her daughter after a divorce, but only against a custodial parent who had been an in-law. *Id.* at 66–67.

The situation we discussed in *Olson* is precisely the case here. Respondent grandfather brought an action under Minn.Stat. § 257.022, subd. 2 and obtained visitation rights against the wishes of his former son-in-law, the children's custodial parent. Subdivision 3 of the statute provides that these visitation rights do not automatically terminate when a stepparent, like appellant, later adopts the children. To follow appellant's argument that she stepped into the shoes of the natural mother when she adopted the children, and thus has the same primary right of the mother recognized in *Olson*, is contrary to the terms of the statute and cannot prevail. *See* Minn.Stat. §§ 645.16 (court must give effect to clear meaning of statute), .17(1) (court may not construe statute to produce an absurd result). Notwithstanding appellant's status as the children's adoptive mother, her objection to the maternal grandfather's continued visitation rights is distinguishable from the daughter's objection in *Olson* and does not defeat his visitation rights.

Finally, appellant argues that public policy supports her interpretation of Minn.Stat. § 257.022. This court previously has construed Minn.Stat. § 257.022 narrowly and, in doing so, we noted that its statutory interpretation conforms with prior decisions of this court that

> recognize the public policy reasons that support a denial of visitation to uphold the independence and decision-making integrity of the newly created family unit.

*R.A.N.*, 435 N.W.2d at 73, *quoted in Olson*, 518 N.W.2d at 67; *accord Kulla v. McNulty*, 472 N.W.2d 175, 183–84 (Minn.App.1991) (recognizing that, although visitation by un-related third party may be in best interests of the child, court must deny visitation that interferes with relationship between custodial parent and child), *pet. for rev. denied* (Minn. Aug. 29, 1991).

This case does not, however, similarly impact the important public policy regarding the integrity of a newly created family. Here, the district court previously granted visitation rights to respondent grandfather under Minn.Stat. § 257.022, subd. 2 after making the required finding that those rights would · not interfere with the parent child relationship. *See* Minn.Stat. § 257.022, subd. 2 (requiring certain findings to support grant of visitation rights). At the time the court granted those rights, the children were living with their father, the custodial parent, and appellant. There has been no claim that anything has changed since then, save for the adoption of the children by their stepmother. On this record, we conclude that survival of visitation rights previously granted under Minn.Stat. § 257.022 upon the necessary showing that such rights would not interfere with the parent child relationship, does not impact the public policy reasons discussed above when, as here, a child is adopted by a stepparent. The district court did not abuse its discretion in denying appellant's motion to terminate the grandfather's visitation rights.

## DECISION

Maternal grandfather's visitation rights, granted under Minn.Stat. § 257.022 prior to stepmother's adoption of his grandchildren, did not automatically terminate as a matter of law when his daughter's parental rights were terminated in the adoption proceedings. The district court did not abuse its discretion in determining that the maternal grandfather's visitation rights survived the adoption of his grandchildren by their stepmother.

**Affirmed.**